UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARCSONA INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPIRIO INC., et al.,<br><br>　　　　　　Defendants. | Case No. 21-cv-05019-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>Re: Dkt. No. 20 |

Plaintiff Arcsona Inc. ("Arcsona") filed this action against defendants Appirio Inc. ("Appirio"), Daniel Lascell, and Does 1–10 in Santa Clara County Superior Court. Dkt. No. 1, Ex. A (Complaint). With Appirio's consent, Mr. Lascell removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 at ¶¶ 10–14. Arcsona now moves for remand of this action to state court pursuant to a contractual forum selection clause. Dkt. No. 20.

The Court held a hearing on Arcsona's motion on September 7, 2021. Counsel for defendants appeared for the hearing, but counsel for Arcsona did not. Dkt. No. 34. Having considered the parties' submissions and arguments, the Court denies Arcsona's motion for remand of this action to state court.[1]

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 5, 8. While Arcsona also sues 10 "Doe" defendants, the complaint contains no allegations against these unnamed defendants. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent of all parties to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502–05 (9th Cir. 2017) (all named parties, whether served or unserved, must consent in order to vest jurisdiction in magistrate judge); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (distinguishing *Williams* with respect to unnamed "Doe" defendants).

## I. BACKGROUND[2]

In June 2012, Arcsona and Appirio entered into an Independent Contractor Agreement ("the Agreement"). Dkt. No. 1, Ex. A ¶¶ 1-2, 7. At the time, Daniel Lascell was Appirio's Secretary and General Counsel, and he signed the Agreement on Appirio's behalf. *Id.* ¶ 3. Arcsona is a California corporation with its principal offices in Santa Clara County. *Id.* ¶ 1. Appirio is a Delaware corporation with its principal place of business in Indiana. Mr. Lascell resides in Massachusetts. *Id.* ¶¶ 2–3.

On March 18, 2021, Arcsona filed a complaint in state court asserting a single claim for promissory fraud against Appirio and Mr. Lascell. *Id.* ¶¶ 10–17. The complaint seeks "compensatory damages, including lost time and lost profits, in amounts according to proof in excess of $25,000." *Id.* at 4. On June 21, 2021, Arcsona's counsel informed Mr. Lascell's counsel that Arcsona seeks more than $75,000 in damages. Dkt. No. 1-3. Mr. Lascell filed a notice of removal on June 29, 2021. Dkt. No. 1. Appirio consents to the removal. *Id.* ¶ 9.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

While private litigants may not confer jurisdiction on a federal court by agreement, *Portrait Displays, Inc. v. Speece*, No. C-04-1501 RMW, 2005 WL 8179794, at *5 (N.D. Cal. Oct. 4, 2005) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)), they may agree to waive the statutory right of removal by agreeing to a forum selection clause, *Bastami v. Semiconductor Components Industries, LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *4 (N.D. Cal. Apr. 13, 2017) (quoting *Docksider, LTD v. Sea Technology,*

---

[2] Unless otherwise noted, the following facts are taken from Arcsona's complaint and from the uncontested allegations in Mr. Lascell's notice of removal.

*LTD*, 875 F.2d 762, 763–64 (9th Cir. 1989)).

## III. DISCUSSION

Arcsona does not dispute that the citizenship and amount in controversy requirements for diversity jurisdiction are met. *See* Dkt. No. 20. Rather, Arcsona moves for remand on the ground that the Agreement includes a forum selection clause that "gave [Arcsona] the right to file its complaint in either Santa Clara County Superior Court or the Northern District of California, and [provides] that once [Arcsona] selected the forum it became mandatory, resulting in automatic waivers of defendants' rights to remove."[3] Dkt. No. 20 at 2. The forum selection clause states in relevant part:

> Any suit or proceeding arising out of or relating to this Agreement shall be commenced in a federal court in the Northern District of California or in state court in Santa Clara County, California, and each party irrevocably submits to the jurisdiction and venue of such courts.

Dkt. No. 20, Ex. A ¶ 20. Appirio and Mr. Lascell do not object to enforcement of the forum selection clause. Dkt. No. 28 at 3–6; Dkt. No. 29 at 6. However, they disagree that the clause operates as an express or implied waiver of their right to remove the action to this Court. Dkt. No. 20 at 2–4; Dkt. No. 28 at 3–6; Dkt. No. 29 at 6–9.

Federal law governs the interpretation of forum selection clauses, even where federal jurisdiction is based on diversity. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Ordinary principles of contract interpretation apply. *Sun*, 901 F.3d at 1086. "The plain language of the contract should be considered first, with the understanding that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it . . . " *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (quoting *Hunt Wesson Foods*, 817 F.3d at 77). The Ninth Circuit does not require that a waiver of the right of removal in a forum selection clause be "clear and unequivocal." *Bastami*, 2017 WL 1354148, at *4 (citing *Docksider*, 875 F.2d at 763–64).

---

[3] Arcsona argues that because Mr. Lascell is "closely related" to Appirio, he is bound by the same forum selection provision, even though he is not a party to the Agreement. *Id.* at 5.

Likewise, in the Ninth Circuit, a party need not expressly reserve the right to remove in order to preserve that right. *See Hunt Wesson Foods,* 817 F.2d at 77 (interpreting "plain meaning" of forum selection clause to allow for right to remove).

Here, the plain language of the forum selection clause requires that any action "arising out of or relating to" the Agreement must be brought either in federal court in the Northern District of California or in a state court in Santa Clara County. The parties to the Agreement may not challenge —i.e., must "irrevocably submit[]" to—the personal jurisdiction and venue of "such courts." Thus, the parties have agreed that multiple courts have exclusive jurisdiction of actions arising out of or relating to the Agreement. The clause says nothing about removal or about waiver of the right of removal, and the Court is not persuaded that such a waiver must be implied. Rather, removal of the state court action to this Court is entirely consistent with the contractual requirement that the action be commenced in a state court in Santa Clara County *or* in federal court in the Northern District of California, and is not a challenge to the personal jurisdiction or venue of either court. *See Hunt Wesson Foods*, 817 F.2d at 77 (consenting to jurisdiction in state court did not mean that the same subject matter could not be litigated in federal court); *Competent Software Pvt. Ltd. v. CoreLogic Solutions, LLC*, No. SA CV 19-2161-DOC-KES, 2020 WL 133688, at *2 (C.D. Cal. Jan. 13, 2020) (declining to find waiver of the right of removal where no textual basis for such waiver existed).

The forum selection clause here is distinguishable from the clause in *Snapper, Inc. v. Redan*, on which Arcsona principally relies. In *Snapper*, the forum selection clause permitted the selection of either state or federal court. However, the clause also stated that "the Undersigned hereby submits to each such jurisdiction, hereby *expressly waiving whatever rights may correspond to it by reason of its present or future domicile.*" 171 F.3d at 1260. Applying "ordinary contract principles," the Eleventh Circuit "readily conclude[d] that the [removing parties] have waived their right to remove . . . ." *Id.* at 1262. In so concluding, the court observed that "[r]emoval is the most obvious, if not the only candidate for an additional right based on domicile that might be covered by this clause." *Id.*

In its reply briefs, Arcsona relies heavily on *Bastami* for the proposition that use of the

phrase "irrevocably submits" in a forum selection clause operates as a waiver of the right of removal. Dkt. No. 30 at 7; Dkt. No. 31 at 6. However, Judge Koh's reasoning in *Bastami* supports defendants' position here, not Arcsona's. In that case, the forum selection clause permitted the selection of either state or federal court, but also specified that "each party hereto irrevocably submits to the exclusive jurisdiction and venue of *any such court* in any such suit, action, or proceeding." 2017 WL 1354148, at *2 (emphasis added). The court concluded that "the forum selection clause does not provide Defendant the choice to submit to the exclusive jurisdiction of a different court from the one in which the suit was filed because Defendant has *already* submitted to the exclusive jurisdiction of 'any such court' at the time a suit is brought." *Id.* at *5 (emphasis in original). However, the *Bastami* court distinguished the phrase "any such court" from "any such courts" or "such courts," reasoning that "[t]he use of the singular 'court' rather than plural 'courts' indicates that Defendant has only submitted to the exclusive jurisdiction and venue of a single court." *Id.* at *6. The Agreement between Arcsona and Appirio, by contrast, reads: "Any suit … shall be commenced in a federal court in the Northern District of California or in state court in Santa Clara County, California, and each party irrevocably submits to the jurisdiction and venue of *such courts.*" Dkt. No. 20-1 at 4 (emphasis added). In other words, the Agreement's forum selection clause includes precisely the language that distinguishes it from the clause at issue in *Bastami* and from the result Arcsona advocates here.

## IV. CONCLUSION

Because the Court concludes that the forum selection clause cannot be interpreted to prevent removal of Arcsona's state court action to federal court in the Northern District of California, the Court denies Arcsona's motion for remand.

**IT IS SO ORDERED.**

Dated: September 13, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge