UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARCSONA INC., <br><br> Plaintiff, <br><br> v. <br><br> APPIRIO INC., et al., <br><br> Defendants. | Case No. 21-cv-05019-VKD <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. Nos. 11, 15 |

Defendants Appirio Inc. ("Appirio") and Daniel Lascell move to dismiss plaintiff Arcsona Inc.'s ("Arcsona") complaint against them for promissory fraud. Dkt. Nos. 11, 15. The Court held a hearing on the motions on September 7, 2021. Counsel for defendants appeared for the hearing, but counsel for Arcsona did not. Dkt. No. 34. Having considered the parties' submissions and arguments, the Court grants defendants' motions to dismiss with leave to amend.[1]

**I.    BACKGROUND**[2]

In June 2012, Arcsona and Appirio entered into an Independent Contractor Agreement ("the Agreement"). Dkt. No. 1-1 ¶¶ 1-2, 7. At the time, Daniel Lascell was Appirio's Secretary

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 5, 8. While Arcsona also sues 10 "Doe" defendants, the complaint contains no allegations against these unnamed defendants. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent of all parties to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502–05 (9th Cir. 2017) (all named parties, whether served or unserved, must consent in order to vest jurisdiction in magistrate judge); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (distinguishing *Williams* with respect to unnamed "Doe" defendants).

[2] The following facts are taken from Arcsona's complaint and from the Independent Contractor Agreement that is incorporated by reference in the complaint.

and General Counsel, and he signed the Agreement on Appirio's behalf. *Id.* ¶ 3.

Pursuant to the Agreement, Arcsona agreed to provide Appirio with independent contractors for professional services. Dkt. No. 12-1. The preamble states in relevant part:

> The Independent Contractor Agreement (the "Agreement") sets forth terms under which Contractor (as identified below) shall at the request of Appirio Inc. . . . ("Appirio") provide professional services either directly to Appirio or to customers of Appirio on Appirio's behalf.

*Id.* at 1. A later section of the Agreement labeled "Services" states:

> Contractor shall provide professional services ("Services") to Appirio as described on one or more Statements of Work signed by Contractor and Appirio which reference this Agreement ("SOW" or "Statement of Work"). Contractor shall perform Services in a prompt manner and provide each Deliverable no later than the delivery dates specified in the applicable SOW. At the direction of Appirio, Contractor shall provide Services directly to Appirio or to customers of Appirio on Appirio's behalf.

*Id.* at 1 (sec. 2).

Arcsona alleges that it proposed "many contract workers to [Appirio] for work," but that Appirio only approved two workers. Dkt. No. 1-1 ¶ 8. One was "approved in advance of the signing of the Agreement" and the second "replaced the initial worker when he became sick." *Id.* ¶ 9.

In May 2019, Arcsona says that it learned during a deposition in another matter that Mr. Lascell and Appirio "did not intend to honor the terms of the Agreement and to provide honest and unbiased consideration of any contract workers offered for APPIRIO." *Id.* ¶¶ 12–13. On March 18, 2021, Arcsona filed a complaint in state court asserting a single claim for promissory fraud against Appirio and Mr. Lascell. *Id.* ¶¶ 10–17. The complaint seeks "compensatory damages, including lost time and lost profits, in amounts according to proof in excess of $25,000." *Id.* at 4. The action was removed to this Court on June 29, 2021. Dkt. No. 1.

Defendants Mr. Lascell and Appirio now move to dismiss Arcsona's complaint under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure for failure to state a claim and to plead fraud with the necessary particularity. In addition, defendants argue that Arcsona's claim is barred as a matter of law by the economic loss rule.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska)*, 643 F.3d 681, 690 (9th Cir. 2011).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).  A court may take notice of public records, but not of disputed facts stated in public records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

### B. Rule 9(b)

Rule 9(b) requires that allegations of fraud be stated with particularity.  Specifically, averments of fraud must "be accompanied by 'the who, what, when, where, and how' of the

3

misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id.* at 1107. A motion to dismiss a complaint under Rule 9(b) for failure to plead with particularity is "the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim."

### C. Economic Loss Rule

According to the economic loss rule, "no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Global Servs., Inc.*, C 09–00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. Jul. 13, 2009); *see also Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) ("[The economic loss rule] requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."). The purpose of the rule is to "prevent[ ] the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988 (internal quotation marks and citation omitted).

## III. DISCUSSION

"To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Arena Restaurant and Lounge LLC v. Southern Glazer's Wine and Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *8 (N.D. Cal. Apr. 16, 2018) (quoting *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)). "Promissory fraud is a subspecies of fraud." *Id.* at *8 (citations omitted). For such a claim, a plaintiff must plead "that the promissor did not intend to perform [the promise] at the time the promise was made, that the promise was intended to deceive and induce reliance, that it did induce reliance, and that this reliance resulted in damages." *Fleet v. Bank of Am. N.A.*, 229 Cal. App. 4th 1403, 1411 (2014).

As the action is now in federal court, Arcsona must plead its claim with particularity. Fed.

1   R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  This requires specificity, "including an account of the time, place, and specific content of the false representations as well as the identifies of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Arena Restaurant and Lounge LLC*, 2018 WL 1805516, at *7.

Arcsona argues that its claim is for "promissory fraud in the inducement."  Dkt. No. 23 at 2.  However, the complaint does not say what Arcsona was induced to do, nor does it identify any misrepresentations on which Arcsona allegedly relied for such inducement.  Moreover, to the extent Arcsona now contends that it was fraudulently induced to enter into the Agreement with Appirio in the first instance, the complaint contains no such allegations.  Rather, at most, the complaint alleges that Appirio did not perform its contractual obligations in good faith.  *See* Dkt. No. 1-1 ¶ 11 ("[Defendants] intended to prevent workers offered by Arcsona from ever working for Appirio clients pursuant to the terms of the agreement except possibly on rare occasions when Appirio had no other choice of contract worker providers.").

The Court agrees with defendants that, as pled, the complaint fails to allege facts sufficient to state a claim for promissory fraud or fraudulent inducement, and that Arcsona's existing allegations of fraud suggest that its claim is barred by the economic loss rule.  *See R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2017 WL 1164296, at *6 (N.D. Cal. Mar. 29, 2017) (economic loss rule prevents plaintiffs from seeking relief for bad faith breach of existing contractual obligations).  While Arcsona is correct that a claim for fraudulent inducement falls outside the economic loss rule, it has not pled any such claim.  Specifically, Arcsona alleges no conduct by Appirio that violates any duty that is independent from Appirio's alleged obligations under the Agreement.  *See Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999).

Accordingly, the Court dismisses Arcsona's complaint for failure to allege facts sufficient to state a viable claim.

## IV.   LEAVE TO AMEND

While leave to amend is generally granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile.  *Manzarek v. St. Paul Fire & Marine*

5

*Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)). Because the Court cannot say that amendment here would be futile, the Court gives Arcsona leave to amend its complaint to address the deficiencies described above.

## V.    CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss. Arcsona may file an amended complaint by **September 27, 2021**.

**IT IS SO ORDERED.**

Dated: September 13, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge