UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARCSONA INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>APPIRIO INC., et al.,<br><br>  Defendants. | Case No. 21-cv-05019-VKD<br><br>**ORDER DENYING DEFENDANT DANIEL LASCELL'S MOTION FOR RULE 11 SANCTIONS**<br><br>Re: Dkt. No. 60 |

Defendant Daniel Lascell moves for sanctions against plaintiff Arcsona Inc. ("Arcsona") and its counsel, Michael Kelly, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt. No. 61. Mr. Kelly and Arcsona oppose the motion. Dkt. No. 64.

The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the parties' submissions, the applicable law, and the record presented, the Court denies Mr. Lascell's motion for Rule 11 sanctions.

**I.  BACKGROUND**

On March 18, 2021, Arcsona filed this action in the Superior Court for the County of Santa Clara, asserting one claim for promissory fraud against defendants Appirio Inc. ("Appirio") and Mr. Lascell. Dkt. No. 1, Ex. A. Defendants removed the action to this court on June 29, 2021 (Dkt. No. 1), and moved to dismiss Arcsona's complaint on July 15, 2021 (Dkt. Nos. 11, 15). Arcsona then moved to remand the action. Dkt. No. 20. On September 13, 2021, this Court denied Arcsona's motion for remand and granted defendants' motions to dismiss with leave to amend. Dkt. Nos. 36, 37. The Court later denied Arcsona's motion for leave to file a motion for reconsideration. Dkt. Nos. 41, 44.

On October 1, 2021, Arcsona filed its first amended complaint ("FAC"). Dkt. No. 42. Defendants again moved to dismiss the FAC. Dkt. Nos. 47, 49. On November 15, 2021, counsel for defendant Mr. Lascell served a notice of motion and motion for Rule 11 sanctions on Arcsona and its counsel. Dkt. No. 61-1 ¶ 7. On December 7, 2021, the same day the Court heard defendants' motions to dismiss, Mr. Lascell filed his motion for Rule 11 sanctions against Arcsona and Mr. Kelly. Dkt. No. 60. The Court granted defendants' motions to dismiss the FAC on January 12, 2022. Dkt. No. 67.

## II.  LEGAL STANDARD

Rule 11 governs the filings of pleadings, motions, and other papers with the Court. Rule 11(b) requires that an attorney who presents a pleading, motion or other paper certify that to the best of that attorney's knowledge, information, and belief, formed after a reasonable inquiry:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Rule 11(c) permits a court to sanction a party and/or its attorney, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). If sanctions are imposed based on a motion and are "warranted for effective deterrence," a court may order the payment to the moving party of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," in addition to other monetary or nonmonetary remedies. *Id.*

Prior to filing a complaint, an attorney has a duty not only to conduct a reasonable factual investigation, but also to perform adequate legal research in support of the claims asserted. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1987)). When sanctions are sought on the basis of a complaint, the court must determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted a 'reasonable and competent inquiry' before signing and filing it." *Id.* at 1127 (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). It "is not intended to permit sanctions simply because the court decides that the lawyer made the wrong decision." *Khan v. Park Capital Sec., LLC*, No. C 03 00574 RS, 2004 WL 1753385, at *6 (N.D. Cal. Aug. 5, 2004) (citing *Golden Eagle Distrib., Corp.*, 801 F.2d at 1536). Nor should Rule 11 be used "to test the sufficiency or efficacy of allegations in the pleadings," "to emphasize the merits of a party's position," or "to intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11(b) and (c) advisory committee's note to 1993 amendment.

## III. DISCUSSION

Mr. Lascell moves for sanctions under Rule 11(b)(1) and (b)(2), arguing that the action is "frivolous" and "lacks legal and factual support," and that "[t]he procedural history makes clear that the entire suite was intended for an improper purpose." Dkt. No. 60 at 6.[1]

### A. Whether Arcsona's promissory fraud claim was frivolous

Mr. Lascell argues that Mr. Kelly, as an experienced attorney, "knew or should have

---

[1] In his reply in support of his motion for sanctions, Mr. Lascell contends that Arcsona and Mr. Kelly have not met the Rule 11 requirement that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Dkt. No. 65 at 35 (citing Fed. R. Civ. P. 11(b)(3)). However, Mr. Lascell did not raise a Rule 11(b)(3) argument in his opening brief, and "arguments raised for the first time in a reply brief are waived." *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012). In any event, the parties do not seem to dispute the material facts; rather, they dispute whether those facts support a plausible claim for promissory fraud.

3

known that his client did not have a viable claim for relief." Dkt. No. 60 at 9–10. Specifically, Mr. Lascell argues that Arcsona and its counsel should have known (1) that "a singular claim for promissory fraud arising from a contract bargained for at arms-length by sophisticated parties nearly a decade ago was a frivolous and harassing suit" and (2) "that promissory fraud claims are barred completely by the economic loss rule unless a valid exception applies (and here none applies)." *Id.* at 10.

Although the Court ultimately found that Arcsona did not state a claim for promissory fraud, the Court does not find that this claim was objectively baseless such that the filing of and advocacy for such a claim warrants Rule 11 sanctions. In support of this claim, Arcsona and Mr. Kelly principally relied on *Locke v. Warner Bros.*, 57 Cal. App. 4th 354 (1997) to argue that the contract between Appirio and Arcsona gave rise to a duty Mr. Lascell owed to Arcsona not to undermine the promises made in the contract. *See* Dkt. No. 51 at 5, 7–8, 14–15. While this argument was not successful for the reasons explained in the Court's January 12, 2022 order, it was not objectively baseless in view of *Locke*. *See* Dkt. No. 67 at 6.

Further, the Court disagrees that application of the economic loss rule renders Arcsona's claim objectively baseless. While the Court did not reach this argument in deciding the motion to dismiss, the Court observes that some judges in this district have questioned whether the economic loss rule applies to contracts for services. *See, e.g.*, *Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL 9848766, at *13 (N.D. Cal. May 14, 2020) ("The economic loss rule does not apply, however, where the contract between the parties does not involve the sale of goods or products, because such contracts are not governed by the Uniform Commercial Code.") (citing 6 B.E. Witkin, *Summary of California Law* § 1681 (Torts) (11th ed. 2018) and *N. Am. Chem. Co. v. Sup. Ct.*, 59 Cal. App. 4th 764, 770 (1997)); *see also Corelogic Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-03081-RS, 2016 WL 4698902, at *5 (N.D. Cal. Sept. 8, 2016); *Ladore v. Sony Computer Entertainment Am., LLC*, 75 F. Supp. 3d 1065, 1075–76 (N.D. Cal. 2014). The issue appears not to have been expressly addressed by the California Supreme Court. In any event, the disputed application of the economic loss rule in this case does not render Arcsona's promissory fraud claim objectively baseless.

### B. Whether the pleadings, motions, and opposition papers were presented for an improper purpose

Mr. Lascell argues that Arcsona's conduct in this litigation reflects that "the complaint and each subsequent motion" filed by Arcsona were filed for an improper purpose—"to harass Mr. Lascell for merely doing in 2012—nearly a decade ago—what all in-house counsel do, which is use their best, subjective judgment to assess and mitigate risk." Dkt. No. 60 at 6, 8. Mr. Lascell relies heavily on *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988), in which the Ninth Circuit concluded that a successive (and "objectively reasonable") motion to dismiss pursuant to Rule 12(b)(6) was "part of a pattern of abusive litigation activity in which the Defendants, though their attorneys, delayed filing an answer to Aetna's complaint for seven months." 885 F.2d at 1476. That pattern consisted of defendants' two motions for a more definite statement pursuant to Rule 12(e) and a prior motion to dismiss pursuant to Rule 12(b)(6). *Id.*

The Court does not reach that same conclusion here. The "cumulative effect" of Arcsona's litigation conducts does not allow for the same inference of an improper purpose as defendants' tactics did in *Aetna*. Arcsona did not engage in the dilatory litigation tactics defendants employed in *Aetna*. Arcsona filed an initial complaint (Dkt. No. 1, Ex. A), a motion for remand (Dkt. No. 20), a motion for leave to file a motion for reconsideration (Dkt. No. 41), and an amended complaint (Dkt. No. 42). It also opposed defendants' motions to dismiss and for sanctions. Dkt. Nos. 23, 24, 50, 51, 64. These filings did not cause unnecessary delay or needlessly increase the cost of litigation, within the bounds of vigorous advocacy. Mr. Lascell does not point to any other evidence of harassment that would warrant sanctions. *See, e.g.*, *Talece v. Zhang*, No. 20-cv-03579-BLF, 2021 WL 242913, at *3 (N.D. Cal. Jan. 25, 2021) (no evidence supported defendant's contention that plaintiff's motion to remand was filed for an improper purpose).

### IV. CONCLUSION

The Court denies Mr. Lascell's motion for Rule 11 sanctions against Arcsona and Mr. Kelly.

//

//

//

**IT IS SO ORDERED.**

Dated: January 14, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge